**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WEIJUN WU,

               Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

               Respondent.

No.   15-71745

Agency No. A201-188-297

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 16, 2021
Pasadena, California

Before: BERZON and RAWLINSON, Circuit Judges, and ANTOON,[**] District
Judge.

     Weijun Wu (Wu), a native and citizen of China, petitions for review of a

decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the

denial of asylum, withholding of removal, and relief pursuant to the Convention

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The Honorable John Antoon II, United States District Judge for the
Middle District of Florida, sitting by designation.

Against Torture (CAT). Wu maintains that substantial evidence does not support the agency's adverse credibility determination, and that he was entitled to protection under the CAT because it was more likely than not that he would be tortured if returned to China.

Under the totality of circumstances, substantial evidence supports the agency's adverse credibility determination based on Wu's demeanor and inconsistent testimony. *See Li v. Garland*, 13 F.4th 954, 959 (9th Cir. 2021) (stating that "in assessing an adverse credibility finding under the REAL ID Act, we must look to the totality of the circumstances and all relevant factors") (citation, alterations, and internal quotation marks omitted). The Immigration Judge (IJ) and BIA identified specific instances when Wu was non-responsive and evasive while answering questions concerning his persecution. As a result, "[t]he BIA and IJ did not err in relying on [Wu's] evasive and unresponsive demeanor while testifying after providing examples of his evasiveness" to support the adverse credibility determination. *Rodriguez-Ramirez v. Garland*, 11 F.4th 1091, 1093 (9th Cir. 2021) (citation omitted); *see also Jin v. Holder*, 748 F.3d 959, 965 (9th Cir. 2014) (explaining that "[t]he IJ is not required . . . to provide a pinpoint citation to the record, but rather to identify the instances where the petitioner is non-responsive") (citation and internal quotation marks omitted).

The adverse credibility determination is further supported by inconsistencies between Wu's asylum statement and his testimony. Although Wu testified that Chinese authorities used an electric baton during his interrogation, he made no mention of this mistreatment in his asylum statement. *See Rodriguez-Ramirez*, 11 F.4th at 1093 (articulating that "[a]lthough omissions are less probative of credibility than inconsistencies created by direct contradictions in evidence and testimony, this omission concerned the events and circumstances that [the petitioner] experienced directly, and the additional information was provided on direct, not cross, examination") (citations and internal quotation marks omitted). Wu also testified that he was not beaten by Chinese authorities, while relating in his statement that he was punched, kicked, and beaten. *See Li*, 13 F.4th at 959 (explaining that "under the REAL ID Act, even minor inconsistencies that have a bearing on a petitioner's veracity may constitute the basis for an adverse credibility determination") (citation and alteration omitted). The BIA's and IJ's rejection of Wu's explanation of the discrepancy – that he described being punched, kicked, and beaten as a generic description – is supported by substantial evidence. In particular, the asylum statement described the beatings as prolonged, but Wu testified to several slaps and a single use of the electric baton.

Finally, Wu was not entitled to protection under the CAT because he did not point to any evidence independent of his non-credible testimony establishing that "he would be subject to a *particularized threat of torture*" if returned to China. *Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021) (citation omitted) (emphasis in the original).

**PETITION DENIED.**